# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0996V**

MICHAEL DAMIAN DUBOS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 3, 2026

*Sean Franks Greenwood, Greenwood Law Firm, Houston, TX, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 13, 2025, Michael Damian Dubos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza vaccination he received on September 27, 2023. Petition, ECF No. 1. On May 5, 2026, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 31. Also, on May 5, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,862.41 (representing $34,680.50 in fees plus $1,181.91 in costs). Petitioner's Application for Award of Attorney's Fees and Expenses ("Motion") filed May 20, 2026, ECF No. 38. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 36.

Respondent reacted to the Motion on May 21, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' response to Motion at ECF No. 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with the Petitioner's Motion. The rates requested for work performed through 2026 by attorney Sean Greenwood are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Petitioner requests the rate of $252.00 for work performed from 2026 by attorney Mariana Realpe Ledezma. Ms. Ledezma has been a licensed attorney since 2025 and was admitted to the Court in 2026. She is an associate at The Greenwood Law Firm and assists with all vital aspects of the cases. I find this requested rate to be reasonable, and it shall be awarded herein.

However, Petitioner requests the rate of $365.00 for work performed in 2026 by attorney John Hebert, Jr. Work performed prior to being admitted to the Court can only be billed at a paralegal rate. To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Hum. Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); *Hasanovic v. Sec'y of Health & Hum. Servs.*, No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); *Schmidt v. Sec'y of Health & Hum. Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). I hereby award John Hebert, Jr., the hourly rate of $229.00 for work performed in 2026. **This reduces the amount of attorney fees to be awarded by $27.20**.[3]

[3] This amount is calculated by reducing John Hebert, Jr.'s 2026 rate from $365.00 to $229.00 and is calculated as: ($365.00 - $229.00 = $136.00 x .20 hrs.) = $27.20.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 38-3 at 2-57. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $35,835.21 (representing $34,653.30 in fees plus $1,181.91 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.